## THE GRACIE KENT.

(District Court, E. D. Louisiana. March 25, 1909.)

No. 14,070.

MARITIME LIENS (§ 28*)—SUPPLIES—AGREEMENT OF OWNER TO LIEN.

Where the owner of a disabled tug bought supplies and directed that they be charged to her, and afterwards approved such charge and obtained an extension of time for payment, he is estopped to deny the seller's right to a lien, although he may in fact have used the supplies on another vessel.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 46; Dec. Dig. § 28.*]

In Admiralty. Suit in rem to enforce lien.

Henry Chicapella, for libelant.

L. R. Hoover, for claimant.

FOSTER, District Judge. The steamboat Gracie Kent became disabled, while on a voyage from Lockport to New Orleans, La., with two barges of freight in tow. Her owner purchased certain supplies from libelant and instructed that they be charged to the Gracie Kent, and they were presumably delivered to her. It appears from the record, however, that the supplies were actually used on another boat belonging to the same owner, which boat completed the voyage to New Orleans with the said two barges of freight, though libelant interposed timely objection to proof of that fact. Thereafter, the bill not being paid, proctor for libelant called upon the owner of the Gracie Kent for a settlement, and the latter at the time acknowledged the bill in writing in the following words and figures:

"March 7, 1908.

"This bill is correct, and I ask a week's extension.

"Edw. Murphy, for Str. Gracie Kent."

It is urged by the claimant that, the supplies not having been actually used on the Gracie Kent, no admiralty lien was created as against her. The case is entirely between the libelant and the owner of the vessel, and no other creditors are concerned. Without going into the question as to whether or not a lien actually exists on the said vessel, it seems to me, as the owner ordered the supplies to be charged to the Gracie Kent, and subsequently did not object to, but approved, the bill as presented, and obtained further time for payment when a suit was imminent, he is now estopped to deny an admiralty lien on the vessel. See The George P. Kemp, 2 Low. 477, Fed. Cas. No. 5,341.

There will be judgment for libelant as prayed for.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes